# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MONTE ALBERT,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-00908-RP** |
| | § | |
| **CHARLES SCHWAB & CO., INC.** | § | |
| **AND DOES 1-10,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Monte Albert's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Albert is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Albert's financial affidavit and determined Albert is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Albert's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Albert is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Albert's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Albert has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

2

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Albert, who is of Pakistani origin, worked for Defendant Charles Schwab Co., Inc. ("Charles Schwab") as an information technology professional until he resigned in 2023 following an alleged "pattern of discriminatory treatment." Dkt. 1, at 2. He applied to work at Charles Schwab again in 2025. *Id.*; Dkt. 1-3. Albert alleges that despite his qualifications, his applications were rejected. Dkt. 1, at 2. Based on Charles Schwab's failure to hire him, Albert brings a claim for discrimination under Title VII, alleging that Charles Schwab discriminated against him based on his national origin and sex. *Id.*

Albert also brings a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), stating only that he "was qualified for the positions applied for but was denied employment under circumstances giving rise to an inference of age discrimination." *Id.* Finally, Albert brings a retaliation claim, though he does not specify under which statute. *Id.* In support of this claim, Albert explains

that as a result of his "raising concerns about discriminatory hiring practices," he "experienced an intensified pattern of rejections." *Id.*

First, Albert's Title VII claim should be dismissed. A failure or refusal to hire an individual due to "race, color, religion, sex, or national origin" violates Title VII. 42 U.S.C. § 2000e-2(a)(1). To establish a claim for discriminatory failure to hire, Albert must show (1) he was in the protected class; (2) he applied for and was qualified for the position sought; (3) he was not selected; and (4) after rejection, another applicant outside the protected class was hired. *Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 368 (5th Cir. 2020) (citations omitted). To state a discrimination claim under Title VII, a plaintiff need not establish a prima facie case of discrimination but must plead sufficient facts on all the ultimate elements of a discrimination claim to make the case plausible. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019).

Here, Albert pleaded that Charles Schwab hired "offshore vendors," disproportionately Indian, to conduct hiring processes. Dkt. 1, at 2. However, Albert does not assert that another applicant outside of his protected class was hired instead of Albert. Nor does he allege any "specific facts from which the Court could draw the reasonable inference" that "the individuals hired to fill the positions were outside his protected class." *See* Dkt. 1; *Omoyosi v. Tex. Health & Hum. Servs. Comm'n*, No. 4:20-CV-03315, 2021 WL 2689851, at *4 (S.D. Tex. June 14, 2021), *R. & R. adopted*, 2021 WL 2685631 (S.D. Tex. June 30, 2021); *see also Cotton v. Soc. Sec. Admin.*, No. CIV.A. H-12-428, 2012 WL 4356287, at *2 (S.D. Tex. Sept. 7, 2012), *R. & R. adopted*, 2012

4

WL 4356286 (S.D. Tex. Sept. 24, 2012) (recommending dismissal of Title VII discrimination claim where complaint did not "contain any facts from which the court can derive that someone outside of Plaintiff's protected class … was hired in his place"). Because Albert has failed to allege facts supporting an essential element of his failure-to-hire claim, the undersigned recommends the District Judge dismiss that claim.

Second, Albert's ADEA claim should be dismissed because Albert does not allege his age.  Dkt. 1; *Norsworthy v. Hou. Indep. Sch. Dist.*, 70 F.4th 332, 337 (5th Cir. 2023) (stating that to establish a prima facie case of discrimination under the ADEA, a plaintiff must allege he was a member of the protected class); *see also Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012) (noting that to state claim under the ADEA "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age"). Nor does Albert allege he was replaced by someone outside the protected class or otherwise treated less favorably than others similarly situated but outside the protected class. *See Norsworthy*, 70 F.4th at 337.

Third, Albert's retaliation claim should be dismissed. Under either Title VII or the ADEA, to state a retaliation claim, a plaintiff must show (1) he was engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there was a causal connection between the protected activity and adverse employment action. *Id.* at 336 (applying the Title VII standard in a case involving retaliation claims under both Title VII and the ADEA because the standards are

"substantially similar"). Albert attaches evidence that a Charles Schwab human resources manager emailed him regarding an investigation into "concerns [Albert] raised regarding the position [he] applied for." Dkt. 1-4, at 1. The email stated the company's conclusion that there had been "no violation of company policy." *Id.* Albert responded to that email, stating "[w]hy are offshore vendors who do not obey US anti-discrimination laws allowed to make hiring decisions?" *Id.* at 2.

Albert's statement raises no issues related to Albert's age, national origin, or sex at the time he made it. *Awe v. Harris Health Sys.*, 163 F.4th 969, 973 (5th Cir. 2026) (concluding plaintiff failed to state prima facie case of ADEA retaliation because "nothing in the briefing show[ed] that the complaints raised issues related to [plaintiff's] age at the time he made them"). Further, the human resources email and Albert's response show that Charles Schwab declined to hire Albert before he raised his concerns about "offshore vendors." *See* Dkt. 1-4.

### III.  ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Albert's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Albert's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.  FRIVOLOUS LITIGANT WARNING

Albert brought a previous lawsuit in this Court, which was dismissed under Section 1915 as frivolous. *See Albert v. U. S. Dep't of the Army et al.*, 1:25-cv-1497-ADA. A court possesses the inherent power "to protect the efficient and orderly

6

administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). As noted above, no pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Albert that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

### V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 27, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE