IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONTE ALBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-908-RP |
| | § | |
| CHARLES SCHWAB & CO., INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is *Pro Se* Plaintiff Monte Albert's ("Plaintiff") Motion for Leave to File an Amended Complaint, (Dkt. 10). Having considered Plaintiff's brief, his Proposed Amended Complaint, and the relevant law, the Court finds that the motion should be denied.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A *pro se* litigant should "[g]enerally . . . be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be

granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

On May 6, 2026, the Court adopted United States Magistrate Judge Dustin Howell's Report and Recommendation and therefore dismissed Plaintiff's Complaint, (Dkt. 1), without prejudice. (Order, Dkt. 9, at 2). In its Order, the Court also granted Plaintiff leave to file a motion for leave to file an amended complaint on or before May 20, 2026. (*Id.*). On that same day, May 6, 2026, Plaintiff filed the Motion for Leave to File an Amended Complaint before the Court now. (Dkt. 10).

2

The Court finds that Plaintiff's Proposed Amended Complaint is futile because it provides only "[t]hreadbare recitals of the elements of a cause of action." (Mot. Leave Amend, Dkt. 10, at 2–3). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For his cause of action under Title VII, Plaintiff alleges: "Defendant discriminated against Plaintiff based on national origin and sex." (Mot. Leave Amend, Dkt. 10, at 2). For his cause of action under the Age Discrimination in Employment Act ("ADEA"), Plaintiff alleges: "Defendant discriminated against Plaintiff based on age." (*Id.*). Finally, for his retaliation claim, Plaintiff alleges: "Plaintiff engaged in protected activity and was subjected to adverse actions." (*Id.* at 3). Further, Plaintiff's factual allegations include only "[t]hreadbare recitals" of the essential elements of each claim the Magistrate Judge deemed missing in Plaintiff's now dismissed Complaint, (Dkt. 1)—particularly whether he was replaced by someone outside the protected class or otherwise treated less favorably than others similarly situated but outside the protected class. (*Id.* at 2; R. & R., Dkt. 6, at 5–6). *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In his Proposed Amended Complaint, Plaintiff alleges: "Upon information and belief, positions were filled or otherwise disposed of through processes that excluded Plaintiff and favored candidates outside Plaintiff's protected class." (Mot. Leave Amend, Dkt. 10, at 2). This allegation does not "allow[] the [C]ourt to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged," because it merely recites an element of ADEA and Title VII claims that the Magistrate Judge highlighted Plaintiff had failed to allege. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Similarly, Plaintiff does not provide sufficient allegations to allow the Court to draw a reasonable inference that Defendant retaliated against him, under either Title VII or the ADEA.[1] Namely, Plaintiff does not provide any factual allegations to suggest there was a causal connection between his protected activity and adverse employment action.

---

[1] Under either Title VII or the ADEA, to state a retaliation claim, a plaintiff must show (1) he was engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there was a causal connection between the protected activity and adverse employment action. *Norsworthy v. Hou. Indep. Sch. Dist.*,

Accordingly, each cause of action Plaintiff alleges consists only of "mere conclusory statements," which do not suffice under the Rule 12(b)(6) standard. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff has not stated a claim upon which relief can be granted for any of his three causes of action; therefore, the Court may deny Plaintiff's motion to amend as futile. Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) ("A district court may deny a proposed amendment for futility-meaning the amended complaint would fail to state a claim upon which relief could be granted.").

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion for Leave to an Amended Complaint, (Dkt. 10), is **DENIED**.

**SIGNED** on May 12, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

70 F.4th 332, 337 (5th Cir. 2023) (applying the Title VII standard in a case involving retaliation claims under both Title VII and the ADEA because the standards are "substantially similar").